TUCKER, Judge.
The only question discussed at the bar was, Whether the word children in the act should be interpreted to extend to grand children of the decedent, living at his death, since -their mother, his daughter and only child were dead? If the words child, or children, meant issue, and not merely children of his body, the counsel for the appellants contended that the widow was only entitled to one third instead of a moiety.'
That the word children, in a will, has been construed to extend to grand children, is apparent from several cases, 2 Vern. 108, where it is said to have been admitted by all, that if there had been no child (as there was in that case), the grand children of the testator might have taken by the devise to his children. This doctrine is recognized in Wyth v. Blackburn, 1 Ves. 200, 201, 202; Ambl. 555; Boyle v. Hamilton, 4 Ves. 439; Reeves v. Brymon, 4 Ves. 698, where the master of the rolls said, children may mean grand children where there can be no other construction ; but not otherwise. A contrary construction has obtained in Alexander *v. Alexander, 2 Ves. 640, and Adams v. Adams, Cowp. 651, as also in Morris v. Owen, in this court, 2 Call, 520. Which shews that the courts have not proceeded so much upon the construction of the word children, as upon the testator’s intention, to be collected from the general scope of his will.
The act of 1705, ch. 7, for distribution of intestates’ estates, declares that, in case there be no children, nor any legal representatives of them, the wife of a person, dying intestate, shall be entitled to a moiety. In a subsequent clause, sect. 4, it declares that, if a testator shall leave more than two children, he shall not leave his wife less than a child’s part; but, if he leaves no child, then the wife shall have a moiety. Had the question arisen under this act, I should have been of opinion that the provision intended for the wife was to be the same, whether the husband died intestate, or made a will, and the wife renounced all benefit under it. Consequently that the word child in the latter clause might have been construed grand children, as the representatives of children deceased. But, in the act of 1785, there is no such guide. The word children, wherever it occurs in the law of descents, to which this clause refers, is used strictly, and not in the same sense with issue. Whenever the legislature changes the phraseology of the law, we are bound to consider it as changing its policy also, unless there be some good reason to control that construction. Here there is no such reason that I perceive. The . law of distribution is very materially changed in another, and perhaps in more instances. The former law declared, that no representatives should be admitted among collat-erals, after brothers’ and sisters’ children: The latter, that the descendants of collat-erals shall be admitted into partition in every case where their ancestors would have been. I mention this only as an instance to shew that the law has been materially changed. In the present instance, *1097 I conceive it to have been the intention of the legislature to change it. A man is bound to provide for his wife; who *very frequently brings her full portion of the personal estate of which her husband dies possessed, into his family: His children he is likewise bound to provide for. The obligation, either in a moral or legal light, is certainly less towards his grand children, who may he presumed to derive a provision from their own father. I do not, therefore, see any reason for extending the interpretation of the words child, or children; and am for affirming the decree.
ROANE, Judge.
I am of the same opinion. For there are no circumstances to induce us to believe that the legislature did not mean what they have said.
FLEMING, Judge.
It is a very clear case. The words of the act are express, that if there be no child, the wife shall have a moiety; and I do not feel myself at liberty to depart from them. I therefore concur that the decree should be affirmed.
CARRINGTON, Judge, and LYONS, President. Affirm the decree.